IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |  | |
|---|---|---|---|
| GORDON D'ANDRE COHNS, SR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CV 421-106 | |
| | ) | | |
| STATE OF GEORGIA; | ) | | |
| CHATHAM CO. DETENTION | ) | | |
| CENTER; CHANTEL P. FLOWERS, | ) | | |
| Community Supervision Officer; | ) | | |
| OFFICER, Savannah Police Department; | ) | | |
| TIMOTHY DEAN; JOHN WILCHER; | ) | | |
| CHARLES LONCON; and LISA | ) | | |
| GOLDWIRE COLBERT, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee at the Chatham County Detention Center in Savannah, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Savannah, Georgia.  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.    **SCREENING OF THE AMENDED COMPLAINT**

    A.   **BACKGROUND**

Plaintiff names as Defendants (1) the State of Georgia, (2) the Chatham County Detention

Center, (3) Chantel P. Flowers, (4) an unidentified Officer of the Savannah Police Department, (5) Timothy Dean, (6) John Wilcher, (7) Charles Loncon, and (8) Judge Lisa Goldwire Colbert. (Doc. no. 1, pp. 1-3; doc. no. 15, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 15, 2013, Plaintiff pled guilty to aggravated assault in Chatham County Superior Court and was sentenced to ten years of probation under the First Offender Act, O.C.G.A. § 42-8-60. (See doc. no. 1-1, p. 13.) Plaintiff's probationary period for this 2013 conviction was scheduled to end on September 30, 2020, but Plaintiff was arrested on November 18, 2019, and charged with felon in possession of a firearm. (See doc. no. 1-1, p. 13.)[1] At the bond hearing the following day, Plaintiff requested a court-appointed attorney to defend him, and Defendant Charles Loncon was assigned to Plaintiff's case. (See doc. no. 1, p. 19; doc. no. 15, p. 5.) Defendant Timothy Dean serves as the Assistant District Attorney for Plaintiff's case. (Doc. no. 15, pp. 2, 5.)

At an unknown point, Plaintiff filed a habeas corpus petition in the Chatham County Superior Court alleging Defendant Loncon provided ineffective assistance of counsel. (Id. at 5.) On August 31, 2021, Chatham County Superior Court Judge Timothy Walmsley held a hearing concerning Plaintiff's petition and ordered Defendant Loncon to provide transcripts, reports, and documents, but Defendant Loncon did not comply. (Id.) Plaintiff states he "lost" the hearing. (Id. at 7.) Plaintiff then filed another habeas corpus petition in Chatham County Superior Court which

---

[1] See State v. Cohns, Case No. SPCR20-01253-J3 (Chatham Cnty. Sup. Ct. June 24, 2020), *available at* https://portal-gachatham.tylertech.cloud/Portal/Home/Dashboard/29 (search for "Cohns, Gordon," then open SPCR20-01253-J3 last visited Jan. 27, 2022); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

is now pending.  (Id. at 8).

On September 10, 2021, Defendant Chatham County Superior Court Judge Lisa Goldwire Colbert held an arraignment for Plaintiff concerning the 2019 firearm charge.  (Id. at 5.)  Plaintiff asked to proceed *pro se*, but Defendant Judge Colbert muted his microphone and allowed Defendant Loncon to represent Plaintiff and enter a plea for Plaintiff.  (Id.)  Plaintiff states being represented by Defendant Loncon was a clear conflict of interest because Plaintiff had filed a habeas corpus petition and other complaints regarding his performance as an attorney.  (Id.)

Next, Plaintiff was scheduled for a probation revocation proceeding for the 2013 conviction in front of Defendant Judge Colbert on October 7, 2021, seven days after his probationary period was scheduled to end.  (Id.)  However, Plaintiff states, "the court date got passed" and the hearing "exploded into a big argument" concerning whether Plaintiff's probation had ended.  (Id.)  Now Plaintiff is being held in jail past the probation period of his 2013 conviction.  (Id. at 7.)  He filed complaints through the Chatham County Detention Center's grievance system and wrote Defendant Chatham County Sheriff John Wilcher about his situation.  (Id.)  Defendant Wilcher wrote back telling Plaintiff, "I can't release you on these felony charges . . . . only the D.A. or the Judge can do this.  Sorry, I cannot help.  This correspondence will be your only entertainment from your letter." (Doc. no. 1, p. 17.)

In December 2021, Plaintiff discovered Defendant Dean brought another charge against him with no warrant, hearing, or opportunity to hire counsel.[2]  (Doc. no. 15, p. 5.).  Because Plaintiff had filed complaints against Defendant Dean, he states the prosecution is a malicious act

---

[2]See State v. Cohns, Case No. SPCR21-04528-J3 (Chatham Cnty. Sup. Ct. Oct. 20, 2021), *available at* https://portal-gachatham.tylertech.cloud/Portal/Home/Dashboard/29 (search for "Cohns, Gordon," then open SPCR21-04528-J3 last visited Feb. 2, 2022).

3

and a conflict of interest.  (Id.)

Plaintiff now suffers from anxiety and has a swollen face due to the germs in his room at the jail.  He has received medication but still cannot sleep and feels hopeless, kidnapped, and like "a hand is around my mouth silencing me."  (Id.)

For relief, Plaintiff asks to be released from prison as well as $15 million in damages, sanctions against each Defendant, Defendant Loncon to be disbarred, Defendant Dean to be fired, and an investigation into the criminal justice system in Chatham County.  (Id. at 5, 8.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Loncon v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

4

Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

    **2.    Plaintiff No Longer Brings Any Claims Against Defendants State of Georgia, Chatham County Detention Center, Chantel P. Flowers, and Officer of the Savannah Police Department.**

As the Court previously explained, (doc. no. 14, p. 3), Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff does not name four of the Defendants in the original complaint in the caption or the separate list of Defendants in the amended complaint, and he does not mention them anywhere in the statement of claim in the amended complaint. (Cf. doc. no. 1 with doc. no. 15.) Nor does Plaintiff make any allegations associating any of the four Defendants with a purported constitutional violation, and dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case

5

allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendants State of Georgia, Chatham County Detention Center, Chantel P. Flowers, and Officer of the Savannah Police Department should be dismissed.

### 3. Judge Colbert is Immune from Suit and Protected From Injunctive Relief

Plaintiff's claims for monetary damages against Judge Colbert are barred by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

The complaint describes the quintessential judicial function of presiding over criminal cases. Plaintiff alleges he received an unfair arraignment because Judge Colbert did not allow him to proceed *pro se*. Plaintiff also alleges he received an unfair probation revocation hearing. Because Plaintiff fails to allege any facts to suggest Judge Colbert acted in the "clear absence of all jurisdiction," id. at 357, the complaint fails to state a claim for monetary damages. See Jarallah v. Simmons, 191 F. App'x 918, 920-21 (11th Cir. 2006) (affirming dismissal of complaint for failure to state claim where judicial immunity barred state judge's liability for damages and plaintiff failed to allege facts showing constitutional violation).

In addition to judicial immunity, judges receive protection from injunctive or declaratory relief in claims arising under 42 U.S.C. § 1983. Tarver v. Reynolds, 808 F. App'x 752, 754 (11th Cir. 2020). For a Plaintiff to receive injunctive or declaratory relief, "the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." Id. Additionally, there must exist an "absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff alleges no violation of a declaratory decree, and other declaratory relief is available through filing for a writ of mandamus with another Georgia Superior Court requesting an order for Judge Colbert to take appropriate action in the case, or appealing any adverse ruling with the Georgia Court of Appeals. See Graham v. Cavender, 311 S.E.2d 832 (Ga 1984) (stating proper relief in Georgia for failure to take prompt judicial action is filing writ of mandamus in another state superior court); Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005).

### 4. Plaintiff Has No Claims Against Assistant District Attorney Dean and Defense Attorney Loncon

Plaintiff's claims against Assistant District Attorney Timothy Dean are subject to dismissal because his role as prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d

7

1350, 1353 (11th Cir. 2004) (citations omitted).  As Plaintiff's claims against Defendant Dean rest entirely on actions taken as a prosecutor, Plaintiff fails to state a valid § 1983 claim against him.

Likewise, Plaintiff fails to state a claim against his defense attorney, Defendant Loncon. Though it is unclear whether Defendant Loncon is a private defense attorney or public defender, neither role renders Defendant Loncon a state actor for purposes of § 1983.  Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)).  As Plaintiff's claims against Defendant Loncon rest entirely on his actions taken as a defense attorney, he fails to state a valid § 1983 claim against him.

### 5. The Court Should Abstain under the Younger Doctrine

Even if Plaintiff could maintain a § 1983 action against Defendants relating to his pending charges, his claims should be dismissed because of the Younger Doctrine.  Plaintiff alleges he is being maliciously prosecuted; he has been denied his right to conflict free counsel; and he has been denied due process as he is being held past his probation period.[3]  The charging decision and the decision to deny Plaintiff bond belong to state authorities.  The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).  Furthermore, while Younger involved a federal suit seeking

---

[3] It appears Plaintiff is now being held as a pre-trial detainee by Chatham County for the 2019 felon in possession charge.  (See doc. no. 1-1, p. 13.)

equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records indicate the underlying criminal proceedings are ongoing.[4] Public records confirm what the complaint implies; i.e., state proceedings are ongoing. Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . .").

Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his due process, malicious prosecution, and conflict concerns as well as other Constitutional challenges during his criminal proceedings and on appeal. Plaintiff already has filed two habeas corpus petitions. Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x

---

[4]See *infra* notes 1-2.

812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

### 6. Plaintiff's Claims Against Defendants Wilcher and Dean are Barred Under Heck v. Humphrey

Likewise, Plaintiff's claims related to parole revocation and malicious prosecution would also be barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Harden v. Pataki, 320 F.3d 1289, 1301 (11th Cir. 2003) (extending Heck to parole revocation challenges); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Here, Plaintiff claims that Defendant Wilcher and his staff have conspired to deny him his due process rights by continuing to hold him after the probation period for his 2013 conviction ended. (See doc. no. 15, p. 5.) Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor

10

of probation officers accused of falsely submitting affidavits for arrest for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed). Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

Likewise, a malicious prosecution claim against Defendant Dean is barred by Heck because "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." Id. at 484; see also Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Plaintiff's claims against Defendant Wilcher and Dean are therefore barred under Heck.

### 7. Official Capacity Monetary Damages

Plaintiff states he is suing Defendants Wilcher, Dean, and Judge Colbert in their official capacities. However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law.

## II. SECOND AMENDED COMPLAINT

On January 26, 2022, Plaintiff filed a second amended complaint where he asks to maintain all claims in his amended complaint but only name the State of Georgia, Chatham County, and Charles Loncon as Defendants. (Doc. no. 16, p. 1.) Further, Plaintiff wishes to assert a new claim for unlawful and unconstitutional restraint against the State of Georgia and Chatham County. (Id.) First, Plaintiff may not amend his complaint in a piecemeal manner by

11

submitting separate filings which purport to add or change only certain portions of a prior pleading.  See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).  Second, as Plaintiff has already submitted an amended complaint once as a matter of right, he must seek the Court's leave to file subsequent amendments.  Fed. R. Civ. P. 15(a)(2).

Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).  As noted above, "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182).  An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted.  See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

Here, if the amended complaint were permitted, Plaintiff's claims would nevertheless be subject to dismissal because the State of Georgia, Chatham County, and Defendant Loncon are not proper defendants to a § 1983 lawsuit.  As explained above, Plaintiff's claims against Defendant Loncon would be dismissed because Defendant Loncon is "not [a] state actor[] for purposes of § 1983."  Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)).  Similarly, the State of Georgia and Chatham County "are not 'persons' within the meaning of 42 U.S.C. § 1983" and are generally

not proper defendants to a § 1983 lawsuit.  Salim v. Georgia, No. 4:08-CV-142(CDL), 2008 WL 5456003, at *2 (M.D. Ga. Dec. 31, 2008).  Even if the State of Georgia and Chatham County were proper defendants, Plaintiff's existing claims relating to his prosecution and his new claim of unlawful and unconstitutional restraint would be barred by Younger and Heck, respectively, for the same reasons discussed above.

Thus, an amendment by Plaintiff to press existing claims and an unconstitutional restraint claim against the State of Georgia and Chatham County would be futile, and the Court **DENIES** leave to amend.  (Doc. no. 16); See Coventry First, LLC, 605 F.3d at 870.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of February, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA