IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| GORDON D'ANDRE COHNS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 421-106 |
| | ) | |
| STATE OF GEORGIA; | ) | |
| CHATHAM CO. DETENTION | ) | |
| CENTER; CHANTEL P. FLOWERS, | ) | |
| Community Supervision Officer; | ) | |
| OFFICER, Savannah Police Department; | ) | |
| TIMOTHY DEAN; JOHN WILCHER; | ) | |
| CHARLES LONCON; and LISA | ) | |
| GOLDWIRE COLBERT, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a pre-trial detainee at the Chatham County Detention Center in Savannah, Georgia, commenced this case pursuant to 42 U.S.C. § 1983. On February 4, 2022, the Court recommended dismissing the case because Plaintiff failed to state a claim upon which relief may be granted. (See doc. no. 17.) In response, Plaintiff requests to voluntarily dismiss his case. (Doc. no. 20.) As no Defendant has filed an answer or a motion for summary judgment, according to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff may dismiss his case without an Order from the Court. Therefore, the Court **DIRECTS** the Clerk to **DISMISS** CV 421-106 without prejudice and terminate all pending motions and deadlines.

To the extent Plaintiff's motion also asks for copies of court documents, he is not so entitled. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ."); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) (*per curiam*) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner plaintiff, even one proceeding in forma pauperis, to free copies of court documents, including his own pleadings.").

SO ORDERED this 22nd day of February, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA